UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

NYDIA PEREZ,                                      :

                Plaintiff,              :

                                                         07 Civ. 8446 (LAP) (MHD)

      - against -                                 :

                                                               **ANSWER**

JPMORGAN CHASE BANK, N.A.,           :

              Defendant.            :

------------------------------------------------------X

      Defendant JPMorgan Chase Bank, N.A. ("the Bank" or "JPMorgan Chase"), by its attorney, JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman, Assistant General Counsel, as and for its Answer to the Complaint, asserts as follows:

## AS TO PARTIES

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except avers that JPMorgan Chase's records indicate that Plaintiff's last known address is 168 Remsen Road, Yonkers, New York 10710.

      2.    Denies the truth of the allegations set forth in paragraph "2" of the Complaint, except admits that the Bank currently is and has been since 2004 a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240.

## AS TO FACTS COMMON TO ALL CAUSES OF ACTION

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except avers that Plaintiff has been employed by JPMorgan Chase and/or its predecessor entities between 1972 and 1988 and again between 1989 and the present.

161201:v1

4. Admits the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Admits the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies the truth of the allegations set forth in paragraph "6" of the Complaint, and avers that from May 1999 through December 2004, Plaintiff was an Emerging Markets Segment Manager reporting directly to Clarence Mosley, Jr.

7. Admits the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admits the truth of the allegations set forth in paragraph "8 of the Complaint, except avers that Plaintiff did have sales responsibilities during the period when she was employed in the Emerging Markets team.

9. Denies the truth of the allegations set forth in paragraph "9" of the Complaint, and avers that Plaintiff has received a range of performance review ratings during her employment with Defendant and its predecessors.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits, upon information and belief, that Plaintiff has been diagnosed as having arthritic conditions affecting her wrists and knees.

11. Upon information and belief, admits the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Upon information and belief, admits the truth of the allegations set forth in paragraph "13" of the Complaint.

4. Admits the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Admits the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies the truth of the allegations set forth in paragraph "6" of the Complaint, and avers that from May 1999 through December 2004, Plaintiff was an Emerging Markets Segment Manager reporting directly to Clarence Mosley, Jr.

7. Admits the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admits the truth of the allegations set forth in paragraph "8 of the Complaint, except avers that Plaintiff did have sales responsibilities during the period when she was employed in the Emerging Markets team.

9. Denies the truth of the allegations set forth in paragraph "9" of the Complaint, and avers that Plaintiff has received a range of performance review ratings during her employment with Defendant and its predecessors.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits, upon information and belief, that Plaintiff has been diagnosed as having arthritic conditions affecting her wrists and knees.

11. Upon information and belief, admits the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Upon information and belief, admits the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

### AS TO CHASE TERMINATES MS. PEREZ' EMPLOYMENT IN A SUITABLE POSITION

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admits that, while on vacation, Plaintiff contacted her work unit and requested additional time out of the office.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admits that Plaintiff was advised that the Business Resource Center was being reorganized and that potential positions for the Center's Manager already had been identified.

### AS TO CHASE WITHDRAWS A SUITABLE POSITION AND OFFERS A PROBLEMATIC POSITION

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that Plaintiff spoke with Clarence Mosley some time after the announcement was made that the department he managed, the Business Resource Center, would be restructured.

18. Denies the truth of the allegations set forth in paragraph "18" of the Complaint, except admits that Plaintiff and Clarence Mosley discussed potential post-restructuring opportunities, including in the Community Lending group.

19. Denies the truth of the allegations set forth in paragraph "19" of the Complaint, except admits that Plaintiff expressed an interest in a position in the Community Development Group.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admits that Plaintiff met with Ruth Salzman regarding a possible position with the Community Development Group.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Admits the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except denies that Barbara Hart agreed that the Emerging Markets group would be better off in the Community Lending group.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Admits the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Denies the truth of the allegations set forth in paragraph "34" of the Complaint, except admits that the positions made available to the members of the Emerging Markets group were the Small Business Relationship Manager, Direct Sales Officers, and team leader positions.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint, except admits that two members of the Emerging Markets team received severance packages.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

### AS TO CHASE RE-ASSIGNS MS. PEREZ TO A POSITION REQUIRING ACCOMMODATION

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Denies the truth of the allegations set forth in paragraph "47" of the Complaint, except admits that the Direct Sales Officer position would require customer visits and the opening of new accounts.

48. Denies the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Denies the truth of the allegations set forth in paragraph "50" of the Complaint, except admits that the Small Business Relationship Manager position would require customer visits and the opening of new accounts.

51. Admits the truth of so much of the allegations set forth in paragraph "51" of the Complaint as allege that Plaintiff was on a short-term disability leave and that she returned to

work on November 22, 2005, at the conclusion of her short-term disability leave, and admits, upon information and belief, that Plaintiff anticipated having a wrist operation on October 6, 2005.

52. Denies the truth of the allegations set forth in paragraph "52" of the Complaint, except avers that Plaintiff's attorney made such a request to Defendant's attorney.

53. Denies the truth of the allegations set forth in paragraph "53" of the Complaint, except admits that the Bank received letters from Plaintiff's attorney dated, inter alia, September 15, 2005, October 28, 2005, and November 16, 2005.

54. Admits the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Denies the truth of the allegations set forth in paragraph "55" of the Complaint.

**AS TO CHASE FAILS TO PROVIDE THE REQUESTED ACCOMMODATION**

56. Admits the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Admits the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Admits the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Denies the truth of the allegations set forth in paragraph "59" of the Complaint, except admits that Barbara Hart discussed setting up a conference call to consider possible accommodations.

60. Admits the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Denies the truth of the allegations set forth in paragraph "61" of the Complaint, except avers that Plaintiff returned to work on November 22, 2005 and that her new position was as a Small Business Relationship Manager.

62. Upon information and belief, admits the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Denies the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Denies the truth of the allegations set forth in paragraph "65" of the Complaint.

### AS TO CHASE'S FAILURE TO ACCOMMODATE MS. PEREZ AGGRAVATES HER CONDITION

66. Admits the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Denies the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Denies the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Denies the truth of the allegations set forth in paragraph "70" of the Complaint, except admits, upon information and belief, that Dr. Purcell provided a letter, dated March 27, 2006, concerning Plaintiff's condition and refers to that letter for its contents and meaning.

71. Upon information and belief, admits the truth of the allegations set forth in paragraph "71" of the Complaint.

72. Denies the truth of the allegations set forth in paragraph "72" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Fogli expressed sympathy to Plaintiff.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint, except admits that Mr. Fogli spoke with Barbara Hart about the voice recognition software and that she advised him that she was working on it.

74. Denies the truth of the allegations set forth in paragraph "74" of the Complaint, except admits that, after conducting an investigation and analysis of available voice recognition software in 2006, the Bank determined that using such software was not feasible and would not be a reasonable accommodation.

75. Denies the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Denies the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Upon information and belief, admits the truth of the allegations set forth in paragraph "77" of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint, except admits that in August 2006, Plaintiff advised the Bank that she had been diagnosed with bilateral carpal tunnel syndrome.

79. Upon information and belief, admits the truth of the allegations set forth in paragraph "79" of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81. Admits the truth of the allegations set forth in paragraph "81" of the Complaint.

82. Admits the truth of the allegations set forth in paragraph "82" of the Complaint, except avers that, after thorough research, the Bank determined that voice-recognition software was not a "reasonable accommodation".

83. Admits the truth of the allegations set forth in paragraph "83" of the Complaint, except avers that the Bank determined that providing Plaintiff with her own administrative assistant was not a "reasonable accommodation".

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint, except admits Defendant received a letter dated September 20, 2006 from Dr. Purcell regarding Plaintiff.

85. Upon information and belief, admits the truth of the allegations set forth in paragraph "85" of the Complaint.

86. Denies the truth of the allegations set forth in paragraph "86" of the Complaint, except admits that Plaintiff was approved for a short-term disability leave, effective September 28, 2006.

87. Upon information and belief, admits the truth of the allegations set forth in paragraph "87" of the Complaint.

88. Denies the truth of the allegations set forth in paragraph "88" of the Complaint, except admits that the Bank paid Plaintiff in accordance with its standard payroll practices and the terms of its disability leave policy, and avers that Plaintiff began receiving compensation at the rate of 60% of her base salary as of January 25, 2007.

89. Upon information and belief, admits the truth of the allegations set forth in paragraph "89" of the Complaint.

90. Upon information and belief, admits the truth of the allegations set forth in paragraph "90" of the Complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint, except admits that Plaintiff currently is on a long-term disability leave.

92. Admits the truth of the allegations set forth in paragraph "92" of the Complaint.

93. Denies the truth of the allegations set forth in paragraph "93" of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint, except denies that the Bank failed to provide Plaintiff with a reasonable accommodation.

95. Denies the truth of the allegations set forth in paragraph "95" of the Complaint.

96. Denies the truth of the allegations set forth in paragraph "96" of the Complaint.

97. Denies the truth of the allegations set forth in paragraph "97" of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

98. Repeats and realleges its responses to paragraphs "1" through "97" of the Complaint as if fully set forth herein.

99. Denies the truth of the allegations set forth in paragraph "99" of the Complaint.

100. Denies the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Denies the truth of the allegations set forth in paragraph "101" of the Complaint.

102. Denies the truth of the allegations set forth in paragraph "102" of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

103. Repeats and realleges its responses to paragraphs "1" through "102" of the Complaint as if fully set forth herein.

104. Denies the truth of the allegations set forth in paragraph "104" of the Complaint.

105. Denies the truth of the allegations set forth in paragraph "105" of the Complaint.

106. Denies the truth of the allegations set forth in paragraph "106" of the Complaint.

## AS TO DAMAGES

107. The allegations set forth in the "WHEREFORE" section of the Complaint constitute a demand for relief as to which no response is required. To the extent that JPMorgan

Chase is required to respond to the allegations of the "WHEREFORE" section, JPMorgan Chase denies that Plaintiff is entitled to any or all of the remedies or relief sought therein.

## AFFIRMATIVE DEFENSES

JPMorgan Chase asserts that it only bears the burden of proof on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). JPMorgan Chase sets forth its defenses and affirmative defenses to Plaintiff's claims as follows:

### AS AND FOR A FIRST DEFENSE

108. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or the damages sought can be awarded.

### AS AND FOR A SECOND DEFENSE

109. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, appropriate statutes of limitations and/or conditions precedent to asserting any or all of such claims.

### AS AND FOR A THIRD DEFENSE

110. Plaintiff's disability discrimination claims are barred, in whole or in part, by the fact that any and all actions taken by JPMorgan Chase with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's alleged disability, and were without any discriminatory animus or in violation of any rights under any discrimination laws.

### AS AND FOR A FOURTH DEFENSE

111. Plaintiff's disability discrimination claims are barred because she does not come within the statutory definitions of a qualified individual with a disability or impairment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

NYDIA PEREZ,                          :
                                                          ECF
                        Plaintiff,    :
                                                          07 Civ. 8446 (LAP) (MHD)
        - against -                   :
                                                          **CERTIFICATE OF SERVICE**
JPMORGAN CHASE BANK, N.A.,            :

                        Defendant.    :

------------------------------------------------------X


I hereby certify that on October 26, 2007 I caused a copy of the following document:


**ANSWER**


to be served by first class mail directed to the attorney for plaintiff at the following address:


Saul L. Glass, Esq.
Law Offices of Saul L. Glass
One Barker Avenue, Suite 425
White Plains, New York 10601


Dated: October 26, 2007

                                            _____
                                            Frederic L. Lieberman

161341:v1